Filed 2/17/22  P. v. Slaughter CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>KEITH BRAZEL SLAUGHTER,<br><br>　　　Defendant and Appellant. | A162517<br><br>(Contra Costa County<br>Super. Ct. No. 5-191966-1) |

　　　Keith Brazel Slaughter pled no contest to first degree residential robbery (Pen. Code, §§ 211, 212.5, subd. (a)) with a firearm enhancement (Pen. Code, § 12022.53, subd. (b)).[1]  On appeal, the parties agree that subsequent amendments to section 1170 render Slaughter eligible for a reduced sentence.  We agree and therefore remand the case to give him a chance to seek the benefit of the new law in the trial court.

### BACKGROUND

　　　The People prosecuted Slaughter in connection with an armed robbery involving seven victims at their home.  He was 18 years old at the time of the offense.  As part of his plea agreement, Slaughter agreed to be sentenced to 14 years in state

---

[1] Undesignated statutory references are to the Penal Code.

prison in exchange for the dismissal of multiple other charges against him.  The trial court accepted his plea and admission.

Consistent with the negotiated disposition, the court sentenced Slaughter to 14 years, consisting of the midterm of four years for robbery and 10 years for the enhancement.  (See § 213, subd. (a)(1)(B) [providing for a prison term of three, four, or six years for first degree robbery]; § 12022.53, subd. (b) [providing for a consecutive term of imprisonment of 10 years for personal use of a firearm].)

## DISCUSSION

We conclude that Slaughter must be allowed an opportunity to seek the benefit of the amendments to section 1170.

As an initial matter, Slaughter correctly asserts that his plea agreement does not preclude him from raising this issue on appeal.  (See *People v. Stamps* (2020) 9 Cal.5th 685, 698 (*Stamps*) [defendant appealing after plea may assert change in law affecting sentence without obtaining certificate of probable cause]; § 1016.8, subd. (b) ["A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy."].)

Effective January 1, 2022, section 1170, subdivision (b)(6) now imposes a presumption that when the law specifies three possible terms, the court shall impose the lower term where, as relevant here, the defendant was a youth or experienced psychological, physical, or childhood trauma and those factors contributed to the commission of the offense.  (See § 1170, subd. (b)(6)(A)-(B); Sen. Bill No. 567 (2021-2022 Reg. Sess.), Stats. 2021, ch. 731  §§ 1.3, 3(c); see also § 1016.7, subd. (b) [defining "youth" to mean a person under 26 years of age at the time of the offense].)  This presumption in favor of the lower term can only be

overcome if "the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).)

As the People recognize, section 1170, subdivision (b)(6), applies to Slaughter because he was 18 years old at the time of his offense and, according to the probation officer's report, he may have experienced psychological, physical, or childhood trauma. Thus, under section 1170, subdivision (b)(6), Slaughter could receive a one year reduction in his sentence if the trial court were to impose the presumptive lower term sentence of three years rather than the midterm of four years. (See § 213, subd. (a)(1)(B).)

We accept the People's concession that the amendments to section 1170 apply retroactively here because the judgment was not yet final when the amendments went into effect and there is no indication that the Legislature intended the amendments to apply prospectively only. (See *In re Estrada* (1965) 63 Cal.2d 740, 745-746 [when the Legislature lessens the penalty for a crime, an inference arises that it intended the lighter penalty to apply provided the judgment is not final]; *People v. Frahs* (2020) 9 Cal.5th 618, 628-629 [*Estrada*'s retroactivity rule applies to statutes that make a reduced punishment possible].)

Accordingly, remand is appropriate so that Slaughter may pursue a reduction in his sentence. (See *Stamps*, *supra*, 9 Cal.5th at pp. 705-709.)

## DISPOSITION

The judgment is reversed, and the case remanded to allow Slaughter an opportunity to seek the benefit of the January 1, 2022 amendments to section 1170, subdivision (b).

3

_____
BURNS, J.

We concur:

_____
SIMONS, ACTING P.J.

_____
NEEDHAM, J.

A162517